# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYL E. FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-213-KEW |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Docket Entry #77). Plaintiff seeks leave of court to file an Amended Complaint to add a claim under the Federal Safety Appliance Act ("FSAA"). Plaintiff initiated this action on May 26, 2016, alleging that he was injured while working for Defendant in attempting to change out a knuckle on a train. Plaintiff brought an action under the Federal Employers' Liability Act ("FELA"). Among the allegations of negligence within the Complaint was an assertion that "Defendant violated one or more of the statutory provisions set forth in the applicable Code of Federal Regulations."[1]

Defendant's answer included three affirmative defenses which would be applicable to an FSAA claim. Defendant stated

---

1 Complaint filed May 26, 2016 at ¶ 7(k).

1

>    N.   The equipment Plaintiff alleges to have not been reasonably safe was no "in use" on the railroad within the meaning of the Federal Safety Appliance Act or other applicable law.
>
>    \* \* \*
>
>    T.   Plaintiff's claims are barred and/or preempted by the Locomotive Safety Appliance Act, codified at 49 U.S.C. § 20301 et seq.
>
>    U.   Plaintiff's claims are barred and/or preempted by the regulations promulgated by the Federal Railroad Administration found in Part 49 of the Code of Federal Regulations.[2]

On October 14, 2019, Plaintiff expressly raised the FSAA as a basis for recovery in responding to Defendant's summary judgment motion, noting that he need not prove negligence to recover under the strict liability rubric of the FSAA.[3] In its reply, Defendant challenged Plaintiff's ability to raise the FSAA claim, contending that he had not referenced the strict liability claim in the three years that the case had been pending. It claims prejudice because it would have

> conducted additional and different discovery had Plaintiff plead or pursued an FSAA claim at any prior point in this suit. Neither side hired a mechanical expert to address this theory or address the causation between the knuckle break and Plaintiff's alleged injury.

---

[2] Defendant's Answer filed July 7, 2016, pp. 4-5.

[3] Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment filed October 14, 2019, pp. 15-18.

> Allowing Plaintiff to proceed would gravely prejudice BNSF here because it would deprive BNSF of any opportunity to conduct discovery in opposition to this claim where Plaintiff has only raised this claim **after** the close of discovery.[4]

Plaintiff requests that he be permitted to amend the Complaint "[t]o avoid confusion at trial" by including a Count II in the Amended Complaint for a violation of the FSAA. Plaintiff further argues that Defendant's expert witness referenced the knuckle breaking in his report and the applicable federal regulations.

This Court begins from the premise that amendments "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The right to amend is only restricted when it occurs after a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993). Defendant primarily argues that Plaintiff unduly delayed in requesting the amendment and to allow the inclusion of the FSAA claim would result in undue prejudice.

The Tenth Circuit has recognized that "[l]ateness does not of itself justify the denial of the amendment." Minter v. Prime

---

[4] Defendant's Reply in Support of Motion for Summary Judgment filed November 4, 2019, p. 5

Equip. Co., 451 F.3d 1196, 1205 (10th Cir. 2006) quoting R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir. 1975). The determination of timeliness turns on whether the party requesting the amendment "has no adequate explanation for the delay." Id. at 1206 quoting Frank v. U.S. West, 3 F.3d 1357, 1365-66 (10th Cir. 1993). While the facts in the Minter case are somewhat convoluted and differ greatly from the facts of this case in the manner and culpability of the parties in the delay in filing an amendment, the delay was not considered "undue" when "[t]he record shows that the plaintiff delayed in asserting the alteration product liability claim against Prime Equipment because he believed it was already fairly encompassed by his pleadings." Minter v. Prime Equip. Co., 451 F.3d 1196, 1207 (10th Cir. 2006). Plaintiff in the case before this Court also believed that the claim had been asserted and that Defendant was aware of the claim because of the affirmative defenses pertaining to the FSAA claim contained in the Answer. This Court in no way condones Plaintiff's considerable delay in attempting to "clarify" the Complaint. It should be noted that much of the time for the extended pendency of this case can be attributed to joint requests for extensions and the stay imposed to permit Plaintiff to reach maximum medical improvement. The delay in expressly asserting the FSAA claim,

4

however, will not be found to be "undue" due to the explanation provided.

Defendant also contends it will be prejudiced should the amendment of the Complaint be allowed. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" Id. at 1208 quoting Patton v. Guyer, 443 F.2d 79, 86 (10th Cir. 1971). If Defendant were required to move forward to trial without allowing additional discovery and time to develop their defense to the FSAA claim, the prejudice would be patent. However, this Court has granted Defendant as much time as it deems it requires to fully set out its defense to the additional claim. This extension should alleviate any resulting prejudice.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Amended Complaint (Docket Entry #77) is hereby **GRANTED**.

IT IS FURTHER ORDERED that, in accordance with the discussions at the telephonic Status Conference, Defendant's Motion for Summary Judgment (Docket Entry #61) is **STRICKEN** to permit Defendant to re-file a summary judgment motion which includes the FSAA claim.

IT IS SO ORDERED this 6th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE