IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

```
DARRYL E. FIELDS,                  )
                                   )
          Plaintiff,               )
                                   )
v.                                 )    Case No. CIV-16-213-KEW
                                   )
BNSF RAILWAY COMPANY,              )
a corporation,                     )
                                   )
          Defendant.               )
```

**O R D E R**

This matter comes before the Court on Defendant's First Motion in Limine (Docket Entry #163). Defendant BNSF Railway Company seeks to preclude Plaintiff from introducing evidence or argument on several fronts, labeling the effort as an "omnibus" motion. The Court will address each issue in turn.

1)   Any reference to Plaintiff's gross wage or gross wage losses because Plaintiff's net wage loss is the appropriate measure of damages. Norfolk W. Ry. Co. v. Liepelt, 444 U.S. 490, 493 (1980). Under the persuasive reasoning stated in Johnson v. Union Pacific R.R. Co., 2007 WL 2914886, *5 (D. Neb. Oct. 4, 2007), the introduction of evidence of Plaintiff's gross wages will be relevant to the calculation of his net wages which clearly is the limit upon Plaintiff's recovery for lost wages. The jury can be properly instructed as to the calculation of recoverable wages in order to make this limitation clear. BNSF's motion on this issue

1

is **DENIED**.

    2)    Any references to other areas of Plaintiff's body which are not identified in Plaintiff's Complaint as irrelevant, prejudicial, and inadmissible.  Plaintiff states that he underwent bariatric surgery at the recommendation of his physician before he could be considered for back surgery – the body part allegedly injured as a result of his employment with Defendant.  In reply, Defendant does not contend that this surgery should not be discussed.  It only seeks to exclude any other body part, presumably to avoid any surprise at trial.  With the clarification that the bariatric surgery can be discussed, the motion on this issue will be **GRANTED**.

    3)    Any references or allusions, to the case at bar, as a workers' compensation case which would confuse the issues and lead the jury to incorrectly conclude BNSF is strictly liable for Plaintiff's injuries merely because the incident occurred during the course of employment.  Plaintiff does not appear to oppose the exclusion in principal with the clarification that worker's compensation can be referenced at trial to distinguish such claims from FELA.  The motion on this issue will be **GRANTED** with Plaintiff's clarification.

    4)    Any reference to medical causation of any injury or condition in terms of "played any part, however slight" or similar standard should be excluded.  The Tenth Circuit reiterated the

appropriate standard as follows:

> "in comparison to tort litigation at common law, 'a relaxed standard of causation applies under FELA.'" CSX Transp., Inc. v. McBride, 564 U.S. 685, 692, 131 S.Ct. 2630, 180 L.Ed.2d 637 (2011)(quoting Consol. Rail Corp. v. Gottshall, 512 U.S. 532, 542-43, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994)). Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." Id. (alteration in original) (quoting Rogers v. Mo. Pac. R.R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957)).
>
> Schulenberg v. BNSF Ry. Co., 911 F.3d 1276, 1286 (10th Cir. 2018)(full citations added by this Court).

Defendant's concerns pertaining to "but for" causation (which is not permitted) and elimination of the requirement for reasonable medical probability can be addressed through an appropriate instruction. BNSF's motion on this issue will be **DENIED**, with the clarification that the jury instructions and the Tenth Circuit will govern the appropriate causation standard.

5) Any reference to any doctor or other medical technicians, or personnel whom the Plaintiff has seen or been examined by at the request of BNSF as the "railroad doctor" or any similar reference unless they are an employee of BNSF. Plaintiff is entitled to inform the jury as to which party retained the medical personnel, the purpose for their retention, and which party paid for their services. The term BNSF seeks to preclude would

unduly restrict Plaintiff's ability to inform the jury of these facts. The motion will, therefore, be **DENIED** on this issue.

6) References to functional capacity examinations as being performed "on behalf of the insurance carrier." Plaintiff does not oppose the request so it will be **GRANTED**.

7) Any reference to how BNSF or other railroads conducted certain operations in the past because it is unduly prejudicial and not relevant to any claim or defense. BNSF contends matters such as the size of crews in the past have no bearing upon the operations today and whether BNSF was negligent resulting in Plaintiff's injury. Plaintiff agrees that the issue has no bearing on the facts of this case. Therefore, the motion will be **GRANTED**.

8) Any reference to the financial worth of BNSF, its parent company, Berkshire Hathaway, or Plaintiff. Such references should be excluded from trial as prejudicial, unless made relevant by some unforeseen presentation or argument at trial. The motion on this issue will be **GRANTED**.

9) References to punitive damages. Plaintiff concedes this issue. The motion will be **GRANTED**.

10) Any claim that any damages awarded will be used for charitable purposes and/or used to set up a charitable foundation. Plaintiff concedes this issue. The motion will be **GRANTED**.

11) Evidence or argument regarding depositions or the failure of BNSF to bring witnesses live to trial. As this Court

4

interprets BNSF's argument, it would be inappropriate for either party to argue that the opposing party should have brought a witness to testify live at trial rather than by deposition or that a deposition has less evidentiary value than the live testimony of a witness. Plaintiff agrees with this limitation. The motion will be **GRANTED**.

12) All references to the BNSF railroad or the railroad industry as "dangerous." Plaintiff objects to this limitation because the FELA requires Defendant to provide a safe work environment and Defendant specifically failed to do so in this case. This Court does not perceive that Defendant seeks to exclude the type of argument or contention urged by Plaintiff. Rather, it only seeks to exclude generalizations of a dangerous industry. This would appear to be irrelevant and potentially prejudicial to Defendant. The motion will be **GRANTED**.

13) Any reference during voir dire, opening statement, or closing argument concerning the size of BNSF's counsel's law firm. Plaintiff states he has "no intention of commenting" on the size of the law firm representing Defendant. The motion will be **GRANTED**.

14) Any reference to news stories, articles, and publications of any recent accidents involving the BNSF Railroad and/or any investigations of BNSF Railroad by any governmental agencies regarding safety. Plaintiff concedes this issue. The

motion will be **GRANTED**.

15) Any reference to any other employee claim or suit involving BNSF or any testimony in any such suits, without the Court first ruling on the relevancy, materiality, and admissibility of such matters. Plaintiff appears to not oppose the proposed procedure but then states any issue should be taken up at the Pretrial Conference. It seems only appropriate that the determination of relevancy and the admissibility of any other claim or suit should be made by the Court prior to presentation to the jury. To that extent, the motion will be **GRANTED**.

16) Any reference to objections to discovery made by BNSF. Although Plaintiff objects to this restriction, it is appropriate. The motion will be **GRANTED**.

IT IS THEREFORE ORDERED that Defendant's First Motion in Limine (Docket Entry #163) is hereby **GRANTED**, in part, and **DENIED**, in part, as more fully set forth herein.

IT IS SO ORDERED this 9th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE