```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

DARRYL E. FIELDS,                  )
                                   )
          Plaintiff,               )
                                   )
v.                                 )    Case No. CIV-16-213-KEW
                                   )
BNSF RAILWAY COMPANY,              )
a corporation,                     )
                                   )
          Defendant.               )
```

### O R D E R

This matter comes before the Court on Defendant's Fourth Motion in Limine (Docket Entry #166). Defendant seeks to preclude treating physicians from offering medical causation and expert opinions into evidence at trial without having first prepared an expert report in accordance with Fed. R. Civ. P. 26.

The applicable rule on this issue has been modified in recent years to differentiate between those witnesses "retained or specially employed to provide expert testimony in the case . . ." and, therefore, who are required to file an expert report and those who are "not required to provide a written report" subject to certain disclosures. Fed. R. Civ. P. 26(a)(2)(B) and (C). The witnesses involved in Defendant's motion are all identified as Plaintiff's treating physicians. Defendant identifies Plaintiff's treating physicians as Dr. John Conley, Plaintiff's family doctor, Dr. Patrick Cindrich, a neurosurgeon, Dr. John H. Pulliam, a

1

neurosurgeon, and Dr. Brian Rose, a physician who evaluated and performed surgery upon Plaintiff's back. Plaintiff excludes Dr. Pulliam from his response to the Motion. The proposed Third Amended Agreed Pretrial Order submitted to this Court by the parties indicates Plaintiff intends to call as treating physician witnesses at trial Dr. John Conley, Dr. Patrick Cindrich, Dr. Tibo Racz, Dr. Michael Molleston, and Dr. Brian Rose. The synopsis for each of these physicians' testimony at trial includes a statement that "[The physician] is one of Plaintiff's treating physicians and will testify regarding medical causation for Plaintiff's injuries as well as Plaintiff's treatment." Plaintiff also identifies Dr. Christopher Morgan and Dr. Aaron Cernero as treating physicians, but states that they will testify only "concerning Plaintiff's treatment" with no mention of medical causation.

The Court in Wright v. BNSF Ry. Co., 2016 WL 1183135 (N.D. Okla. Mar. 28, 2016) correctly sets out the parameters for treating physician testimony. The Court stated:

> A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party." Davoll v. Webb, 194 F.3d 1116, 1138 (10th Cir. 1999). A treating physician's testimony may include opinions regarding " 'prognosis, the extent of present and future disability, and the need for future medical treatment,' " so long as the opinions are based on the physician's personal knowledge gained from the care and treatment of the plaintiff. Adrean v. Lopez, 2011 WL 6141121 (N.D. Okla. Dec. 9, 2011)

2

>   (quoting Goeken v. Wal-Mart Stores, Inc., 2001 WL 1159751, at *3 (D. Kan. Aug. 16, 2001)). The testimony may also extend to opinions on causation, but only "to the limited extent that opinions about the cause of an injury are a necessary part of a patient's treatment." Starling v. Union Pac. R. Co., 203 F.R.D. 468, 479 (D. Kan. 2001); see also Richard v. Hinshaw, 2013 WL 6709674, at *2 (D. Kan. Dec. 18, 2013) ("[M]atters within the scope of [treating physician's] treatment may include opinions about causation, diagnosis, and prognosis"); Trejo v. Franklin, 2007 WL 2221433, at *1 (D. Colo. July 30, 2007) (stating that "treating physician opinions regarding causation and prognosis based on examination and treatment of the patient" are proper under Rule 26(a)(2)(C)).
>
>   Id. at *2.

As a result, the treating physicians identified by Plaintiff were not required to file an expert report in order to testify. Moreover, the only basis upon which they may testify as to the causation of Plaintiff's injuries for which he received treatment from the testifying treating physicians is if the determination of causation was integral to their treatment or was evident from their treatment of Plaintiff. These witnesses have been deposed by BNSF. If their testimony regarding causation stemmed solely from information obtained at their deposition or in preparation for their deposition, it can hardly be said that the testimony pertained to or was derived from their treatment of Plaintiff. If, however, their testimony was obtained from interviewing Plaintiff in order to ascertain the appropriate treatment for

3

Plaintiff, the testimony may be admissible.  Finally, of course if the treating physician is solicited for a causation opinion by BNSF's counsel, BNSF will have opened the door for any such opinion testimony to be presented to the jury.  Based upon these guidelines, the motion should be denied at this time because it is possible that causation opinion testimony from the treating physicians will be admissible at trial.

IT IS THEREFORE ORDERED that Defendant's Fourth Motion in Limine (Docket Entry #166) is hereby **DENIED**.

IT IS SO ORDERED this 27th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

4