IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DARRYL FIELDS,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )    Case No. CIV-16-213-KEW
                                  )
BNSF RAILWAY COMPANY,             )
a corporation,                    )
                                  )
            Defendant.            )

**O R D E R**

This matter comes before the Court on Defendant's Fifth Motion in Limine (Docket Entry #167). Defendant BNSF Railway Company ("BNSF") seeks to preclude Plaintiff from introducing evidence or argument on (1) medical expenses which have been paid by BNSF in accordance with agreements between the railroad and the employee union to which Plaintiff belongs; and (2) damages for past or future medical expenses which were not revealed in Plaintiff's initial disclosures which were not supplemented during discovery. Paid medical expenses.

(1) Past Medical Expenses Paid by BNSF. Plaintiff states in response to the motion that he "does not intend to place medical bills paid by BNSF Railway Company into evidence in this case." From that point, the issue becomes somewhat murky. Plaintiff then states he will introduce the past medical expenses "as proof of his expected future medical expense." If BNSF paid the bills,

1

they should not be admitted into evidence for any purpose. Moreover, Plaintiff expressly states that the bills which he would seek to introduce "are for Dr. Rose's treatment of Plaintiff." The e-mails between counsel on this issue attached to Plaintiff's response indicate that the bills from Dr. Rose are for an MRI and FCE "to determine Mr. Fields' functional capacity and his pain generator since his last surgery" – despite the fact that, according to BNSF, Dr. Rose does not perform FCE evaluations any longer. If he does end up performing the FCE, this would not appear to be a treatment expense and would provide no window as to the extent of future medical expenses. This much this Court will state – if the past expenses were paid by BNSF, they are not admissible. The Motion will be granted in this regard.

    1)   Undisclosed Past and Future Medical Expenses - Plaintiff has listed $4,195.00 in past medical expenses and "unknown" future medical expenses in the proposed Pretrial Order which BNSF states are not supported. There also appears to be some question as to whether Plaintiff will need any future medical treatment given his statement that "[g]iven the fact that Plaintiff has had two surgeries to his low back, there may well be nothing further that can be done for Plaintiff's condition besides medication." BNSF further states that Plaintiff has not supplemented the initial disclosures. BNSF seeks to preclude any claim for these damages because of the failure to disclose the amount of the damages

sought.

The main purpose of Rule 26(a)(1) disclosures "is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information." Fed. R. Civ. P. 26(a), Advisory Committee's Note (1993). Initial disclosures should provide the parties with information essential to the proper litigation of all relevant facts and to eliminate surprise and promote settlement. Hertz v. Luzenac Am., Inc., 2006 WL 994431, at *5 (D.Colo. Apr. 13, 2006). In short, the Rule 26(a)(1) disclosure requirements should "be applied with common sense in light of the principles of Rule 1, keeping in mind the salutary purposes that the rule is intended to accomplish. The litigants should not indulge in gamesmanship with respect to the disclosure obligations." Fed. R. Civ. P. 26(a), Advisory Committee's Note (1993).

Among the disclosures required under Rule 26(a) is "a computation of any category of damages claimed by the disclosing party." Fed. R. Civ. P. 26(a)(1)(A)(iii). It appears Plaintiff failed to properly reveal the damages that he sought, even if he did provide a string of e-mails with billing records attached as a "supplement to Plaintiff's Responses and Objections to Defendant's First Request for Production of Documents." The initial disclosures should have been supplemented when the calculation of damages was determined. The Court would also note

3

that BNSF did not seek to compel the disclosure as the Federal Rules of Civil Procedure contemplate. Hertz, 2006 WL 994431, at *13 ("The Federal Rules of Civil Procedure provide Hertz and Lighthart with remedies if they felt that Luzenac's responses to discovery were deficient or improper. A party may move to compel disclosures or discovery. See Fed.R.Civ.P. 37(1)(2)(A) and (B). Rule 37(a)(3) provides that "an evasive or incomplete disclosure, answer or response is to be treated as a failure to disclose, answer, or respond." See Fed.R.Civ.P. 37(a)(3). However, an aggrieved party must seek judicial intervention in a timely manner.").

The primary purpose of providing the calculation of damages is to prevent "trial by ambush." BNSF became aware of Plaintiff's medical bills in the supplemental discovery responses. This provided sufficient time for BNSF to seek relief if the calculation was not adequately specific or if additional discovery was required to ferret out the basis for the calculation. While this Court does not condone Plaintiff's failure to supplement the initial disclosures, the violation under the particular circumstances of this case do not warrant the draconian result of barring Plaintiff's claim for recovery of medical expenses – if they were not paid by BNSF and if he can sustain his burden of demonstrating his entitlement to damages for future medical expenses. The remainder of the motion will be denied.

4

IT IS THEREFORE ORDERED that Defendant's Fifth Motion in Limine (Docket Entry #167) is hereby **GRANTED**, in part, and **DENIED**, in part, as more fully set forth herein.

IT IS SO ORDERED this 27th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE