```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

DARRYL FIELDS,                    )
                                  )
          Plaintiff,              )
                                  )
v.                                )   Case No. CIV-16-213-KEW
                                  )
BNSF RAILWAY COMPANY,             )
a corporation,                    )
                                  )
          Defendant.              )
```

## O R D E R

This matter comes before the Court on Defendant's Ninth Motion in Limine (Docket Entry #171). Defendant BNSF Railway Company ("BNSF") seeks to preclude Plaintiff from introducing evidence at trial that other failures of knuckles occurred in the same location as where the knuckle broke in this case when Plaintiff allegedly sustained his injury. BNSF asserts that the location of other failures is irrelevant to Plaintiff's claims, that Plaintiff cannot demonstrate that other failures were substantially similar to the failure that occurred in this case, and that it will be subject to unfair prejudice by the introduction of such evidence. Plaintiff contends the evidence is relevant to the issue of BNSF's foreseeability of the potential for the knuckles to break and for Plaintiff to sustain an injury in replacing it.

An "essential ingredient" of a FELA claim is whether the harm was reasonably foreseeable by the employer. Gallick v. Baltimore

& Ohio Railroad Co., 372 U.S. 108, 117 (1963)(citation omitted). BNSF "may not be held liable if it had no reasonable way of knowing that the hazard, which caused [Fields'] injury, existed." Brown v. CSX Transportation, Inc., 18 F.3d 245, 249 (4th Cir. 1994)(citations omitted); *see also*, Williams v. National R.R. Passenger Corp., 161 F.3d 1059, 1062 (7th Cir. 1998).

This Court concurs with our sister court's analysis of foundation, relevance, and similarity. In Smith v. BNSF Ry. Co., No. CIV-08-1203-D, 2011 WL 4346341, at *3 (W.D. Okla. Sept. 15, 2011), the trial court determined with regard to evidence of other incidents

> . . . subject to establishing the proper foundation, the evidence consisting of BNSF's records of injury claims during the time period prior to the Plaintiff's alleged injuries may generally be admitted to show that BNSF had actual or constructive notice of the conditions which allegedly caused Plaintiff's injuries.
>
> Furthermore, to be relevant and admissible, the prior reported injuries must be sufficiently similar to those claimed by Plaintiff, the conditions which were alleged to have caused the prior claims must be sufficiently similar, and the time period must not be too remote. *See, e.g.,* Ponder v. Warren Tool Corp., 834 F.2d 1553, 1560 (10th Cir. 1987); Edwards v. Consolidated Rail Corp., 567 F.Supp. 1087, 1105-06 (D.D.C. 1983).

Applied in this case, other incidents may be admissible to demonstrate notice to BNSF "of the conditions which allegedly caused Plaintiff's injuries." But any such incidents must be sufficiently similar to the incident giving rise to this action.

Based upon the information presented in the briefing on this Motion, this Court cannot ascertain whether the incidents which Plaintiff would propose to introduce to show notice and foreseeability are sufficiently similar to be admissible. Certainly, the mere fact that other knuckles on other trains broke in a particular area of track where this incident occurred does not necessarily make such incidents substantially similar or admissible. As a result, the Motion will be denied at this time subject to the required showing.

IT IS THEREFORE ORDERED that Defendant's Ninth Motion in Limine (Docket Entry #171) is hereby **DENIED** at this time.

IT IS SO ORDERED this 27th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE