```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                      EASTERN DISTRICT OF OKLAHOMA

DARRYL E. FIELDS,                    )
                                     )
            Plaintiff,               )
                                     )
v.                                   )    Case No. CIV-16-213-KEW
                                     )
BNSF RAILWAY COMPANY,                )
a corporation,                       )
                                     )
            Defendant.               )
```

## O R D E R

This matter comes before the Court on Defendant's Thirteenth Motion in Limine (Docket Entry #175).  Defendant BNSF Railway Company ("BNSF") seeks to preclude Plaintiff's expert witnesses from offering testimony or opinions which are outside those revealed in the expert disclosures, expert reports, and deposition testimony provided by these experts.

BNSF correctly recites the requirements outlined in Fed. R. Civ. P. 26(a)(2) for expert disclosures exchanged between the parties as well as the required content of expert witness reports under Fed. R. Civ. P. 26(a)(2)(B).  BNSF contends that these expert witnesses should be reined in from providing testimony outside of these sources of information provided before trial.  It cites as an example of testimony which is violative of these rules from Dr. Stephen J. Morrissey, one of Plaintiff's identified experts, who testified in his deposition to an opinion which differed from the

information set out in the disclosure of his testimony and his expert report.  BNSF also states that Plaintiff offered "rail industry studies" on ergonomics to support his position in opposing BNSF's summary judgment motion which were not within Dr. Morrissey's file and not relied upon by Dr. Morrissey in reaching his opinions.  Plaintiff contends that ergonomics articles and studies to which BNSF refers were contained in Dr. Morrissey's report.  This latter argument by BNSF is more of a foundational objection than one pertaining to offering testimony outside of the expert report.

The expert witnesses will be expected to testify consistent with their expert reports and their deposition testimony, if they are appearing live for trial.  The penalty for failing to comply with this requirement is generally the exclusion of the expert testimony from trial.  ClearOne Commc'ns, Inc. v. Biamp Sys., 653 F.3d 1163, 1176 (10th Cir. 2011) citing Ciomber v. Coop. Plus, Inc., 527 F.3d 635, 641 (7th Cir.2008) (quoting Fed.R.Civ.P. 37(c)(1)) and Sims v. Great Am. Life Ins. Co., 469 F.3d 870, 894-95 (10th Cir. 2006).  The testimony will be permitted if the failure to comply with the disclosure rules is found to be "justified or harmless."  Fed. R. Civ. P. 37(c)(1).  The Court will consider for factors in this determination – (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent

to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. Id. citing Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002) (quotations and citation omitted).

All counsel should be admonished that they should not lead the opposing litigant's expert witness to a violation of Rule 26(a) through their examination of the witness. This would typically be done through a line of inquiry which would lead the expert astray from his previously stated opinion. Such created violations will not result in the striking of the expert testimony.

As for the specific request on Dr. Morrissey, this Court will evaluate his opinion for consistency with his report and deposition at the time of trial under the precepts set out in the relevant case authority.[1] As a general matter relating to all expert testimony, Defendant's Motion is well-taken.

IT IS THEREFORE ORDERED that Defendant's Thirteenth Motion in Limine (Docket Entry #175) is hereby **GRANTED,** in that the expert witnesses will be required to adhere to their disclosed opinions but any violation will be evaluated under the precepts stated herein.

IT IS SO ORDERED this 28th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

---

[1] This Court will address BNSF's Daubert Motion pertaining to Dr. Morrissey's opinions by separate Order.