IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

DARRYL E. FIELDS,            )
                             )
         Plaintiff,          )
                             )
v.                           )    Case No. CIV-16-213-KEW
                             )
BNSF RAILWAY COMPANY,        )
a corporation,               )
                             )
         Defendant.          )

**O R D E R**

This matter comes before the Court on Plaintiff's Motion in Limine to Prohibit Defendant or Defendant's Witnesses from Expressing Personal Opinions Regarding Defendant's Employees (Docket Entry #152). Plaintiff seeks to preclude Defendant BNSF Railway Company ("BNSF") from introducing evidence or argument pertaining to the expertise, qualifications, or credibility of BNSF's witnesses or any statement personally vouching for the credibility of BNSF or any of its witnesses. Plaintiff includes a prohibition for BNSF's counsel to personally vouch for the credibility of a witness. Certainly, counsel for either litigant should refrain from engaging in such improper behavior before the jury. However, Plaintiff does not refer to specific testimony or an example of testimony which warrants the overall exclusion he seeks with this Motion.

Federal courts generally disfavor motions in limine prior to

1

trial since the Court has no way of knowing: (a) whether the challenged evidence will be offered at trial; (b) if so, for what purpose or purposes the evidence will be offered; (c) whether, if offered, some or all of such evidence might be admissible for one or more purposes; and (d) if admissible, whether its probative value might be outweighed by the prejudicial effect of its introduction. Hess v. Inland Asphalt Company, et al., 1990 WL 51164 (E.D. Wash. 1990); Scarboro v. Traveler's Insurance Co., 91 F.R.D. 21, 22 (E.D. Tenn. 1981). Ruling upon a motion in limine is within the sound discretion of the court. U.S. v. Kennedy, 714 F.2d 968, 975 (9th Cir. 1983) cert. denied 465 U.S. 1034. At this stage of the proceedings, it is impossible for this Court to rule on this issue in a vacuum without the benefit of hearing the precise questions posed by BNSF. The exclusion of this evidence will be reserved for trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine to Prohibit Defendant or Defendant's Witnesses from Expressing Personal Opinions Regarding Defendant's Employees (Docket Entry #152) is hereby **DENIED,** subject to re-urging at trial.

IT IS SO ORDERED this 28th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE