```
       IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF OKLAHOMA

DARRYL E. FIELDS,                  )
                                   )
          Plaintiff,               )
                                   )
v.                                 )   Case No. CIV-16-213-KEW
                                   )
BNSF RAILWAY COMPANY,              )
a corporation,                     )
                                   )
          Defendant.               )
```

## O R D E R

This matter comes before the Court on Plaintiff's Motion in Limine to Prohibit Evidence or Argument Concerning Assumption of the Risk and BNSF Railway's Empowerment Rule (Docket Entry #155). Plaintiff seeks to preclude Defendant BNSF Railway Company ("BNSF") from introducing evidence that Plaintiff was "empowered" to not to perform any unsafe task or to use other equipment. Plaintiff contends that this is a veiled assertion of the assumption of the risk defense which is not available in FELA cases.

BNSF acknowledges the case authority that precludes the assumption of the risk defense. It asserts, however, that contributory negligence is available as a defense to the FELA claim brought against it by Plaintiff which would include the assertion of various safety rules and whether Plaintiff abided by those rules during the incident resulting in his injury.

1

While the contributory negligence defense is not available to BNSF for the FSAA claim, it is a valid and available defense to the FELA negligence claim to reduce damages. Makovy v. Kansas City Southern Co., 339 F.Supp.3d 1242, 1248 (E.D. Okla. 2018)(citations omitted). The methodology in permitting evidence of contributory negligence while excluding evidence tending to demonstrate assumption of the risk was addressed in Miller v. BNSF Ry. Co., 2017 WL 2001678, at *2 (D. Colo. May 11, 2017). The Court recognized the distinction as follows:

> . . . courts have distinguished between [contributory negligence and assumption of the risk] by noting that evidence of contributory negligence is that which shows "a careless act or omission on the plaintiff's part tending to add new dangers to conditions that the employer negligently created or permitted to exist," as opposed to evidence of assumption of risk, which is "an employee's voluntary, knowledgeable acceptance of a dangerous condition that is necessary for him to perform his duties."
>
> Id. citing Taylor v. Burlington N. R.R. Co., 787 F.2d 1309, 1316 (9th Cir. 1986).

The Miller court also addressed the use of "empowerment rules" or the violation of BNSF safety rules to prove contributory negligence. The Court precluded BNSF from introducing "evidence that Plaintiff assumed an inherent risk merely by performing his duties" and required any safety rule that BNSF alleges Plaintiff violated in considering contributory negligence to be "both specific and objective." Id. This Court will require the same and will provide limiting instructions to the jury to clarify its

consideration of the contributory negligence defense, should the evidence admitted at trial warrant such instructions.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine to Prohibit Evidence or Argument Concerning Assumption of the Risk and BNSF Railway's Empowerment Rule (Docket Entry #155) is hereby **GRANTED** to the extent that BNSF will not be permitted to assert the defense of Plaintiff's assumption of the risk.  The Motion is **DENIED** as it relates to prohibiting evidence of contributory negligence or evidence that Plaintiff violated specific safety rules which resulted in or contributed to his injury.

IT IS SO ORDERED this 28th day of September, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE