```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF OKLAHOMA

DARRYL E. FIELDS,                 )
                                  )
          Plaintiff,              )
                                  )
v.                                )      Case No. CIV-16-213-KEW
                                  )
BNSF RAILWAY COMPANY,             )
a corporation,                    )
                                  )
          Defendant.              )
```

## O R D E R

This matter comes before the Court on Plaintiff's Motion in Limine Regarding Mitigation of Damages (Docket Entry #157). Plaintiff seeks to preclude Defendant BNSF Railway Company ("BNSF") from introducing evidence that Plaintiff failed to mitigate his damages. Plaintiff contends that BNSF has produced no evidence of malingering, his physician placed restrictions upon his ability to work, no offers of employment have been made to him, and no evidence has been provided by BNSF to show that appropriate jobs were available for his employment. BNSF counters that Plaintiff is attempting to obtain summary judgment on an affirmative defense through the improper vehicle of a limine motion. BNSF relies upon the deposition testimony of Plaintiff's physician to conclude that Plaintiff is able to perform some type of work, has no permanent weight restriction, has avoided vocational rehabilitation and "return to work" discussions, and

1

has not attempted to obtain employment since the incident which resulted in his alleged injury.

Federal courts generally disfavor motions in limine prior to trial since the Court has no way of knowing: (a) whether the challenged evidence will be offered at trial; (b) if so, for what purpose or purposes the evidence will be offered; (c) whether, if offered, some or all of such evidence might be admissible for one or more purposes; and (d) if admissible, whether its probative value might be outweighed by the prejudicial effect of its introduction. <u>Hess v. Inland Asphalt Company, et al.</u>, 1990 WL 51164 (E.D. Wash. 1990); <u>Scarboro v. Traveler's Insurance Co.</u>, 91 F.R.D. 21, 22 (E.D. Tenn. 1981). Ruling upon a motion in limine is within the sound discretion of the court. <u>U.S. v. Kennedy</u>, 714 F.2d 968, 975 (9th Cir. 1983) <u>cert. denied</u> 465 U.S. 1034. At this stage of the proceedings, it is impossible for this Court to rule on this issue in a vacuum without the benefit of considering the evidence on mitigation of damages. BNSF has presented at least a skeletal case to support its affirmative defense at this pretrial stage. Consideration of the exclusion of this defense and the associated evidence will be reserved for trial.

IT IS THEREFORE ORDERED that Plaintiff's Motion in Limine Regarding Mitigation of Damages (Docket Entry #157) is hereby **DENIED**, subject to re-urging at trial.

IT IS SO ORDERED this 29th day of September, 2021.

                                   _____
                                   KIMBERLY E. WEST
                                   UNITED STATES MAGISTRATE JUDGE